# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## AUGUST 1999 SESSION

FILED

October 20, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 03C01-9902-CR-00052 |
| Appellee, | * | HAMILTON COUNTY |
| VS. | * | Honorable Stephen M. Bevil, Judge |
| **PARIS A. WEAVER,** | * | (Aggravated Assault) |
| Appellant. | * | |

FOR THE APPELLANT:

ARDENA J. GARTH
District Public Defender

DONNA ROBINSON MILLER
and
CHRISTIAN CODER
Assistant District Public Defender
701 Cherry Street, Suite 300
Chattanooga, TN   37402

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

MARVIN S. BLAIR, JR.
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

WILLIAM H. COX, III
District Attorney General

H. C. BRIGHT, III
Assistant District Attorney
600 Market Street, Suite 310
Chattanooga, TN   37402

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

## INTRODUCTION

The defendant, Paris A. Weaver, appeals from the Hamilton County Criminal Court's order revoking his probation. The defendant contends that the trial court had insufficient evidence to support revocation. We AFFIRM the trial court's order revoking probation.

## BACKGROUND

On June 3, 1998, the defendant pled guilty to one count of aggravated assault with an agreed sentence of eight years at Range II to be served in split confinement. Defendant was required to serve 100% of an eleven month and twenty-nine day active confinement sentence and was ordered to be released on November 30, 1998, with the balance to be served in supervised probation. The defendant was further ordered by the court as a special condition of probation to have no contact of any kind with Angela Burrell, the victim of defendant's aggravated assault.

On July 2, 1998, a Petition to Revoke was filed by the state in response to a letter written to the victim by the defendant while he was incarcerated. On September 16, 1998, the Hamilton County Court held a hearing in consideration of the state's petition, at which the defendant admitted to writing and mailing the letter. The victim testified that she felt threatened by the letter especially the words, "I will see you soon." However, the defendant testified that the letter was written with no intent to threaten or harass but rather to express regret, apology and Christian sentiment. The trial court upon hearing this testimony granted the Petition to Revoke and ordered that the defendant serve his full sentence in incarceration. From that decision, the defendant now appeals.

**ANALYSIS**

The defendant argues that there was insufficient evidence to support the Hamilton County Court's decision to revoke his probation. We disagree.

A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his probation. Tenn. Code. Ann. § 40-35-311. The judgment of the trial court will not be disturbed on appeal absent an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this Court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. See State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. See State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

Our review of the record demonstrates that the state established sufficient facts during the hearing to permit the trial judge to make an intelligent judgement. At the hearing, it was established that:

> (1) As a special condition of defendant's probation, the defendant was ordered by the court to have "no contact of any kind with the victim;"
> (2) The defendant, while incarcerated, wrote a letter to the victim stating among other things, "I know that I should not do this but I am writing to you..." and "I will see you soon;" and
> (3) The victim found this letter threatening.

The trial court had sufficient basis to find a probation violation. The probation order made no exception for written communication, and thus the trial court reasonably concluded that the letter constituted contact in violation of the

probation condition. The victim further testified, quite understandably, that this letter, especially the words, "I will see you soon," frightened her. The defendant would argue that we take these words innocently in a restrictive context confined to the plain language of the letter; but this we will not do. Defendant's words exist in a complicated context of violence, a context where a history of abuse culminated in a blow with a deadly object to the side of the victim's head, and a context where simple words trigger fear. The court sought to end this fear and protect the victim by conditioning the defendant's release. The defendant accepted the court's condition and now must accept the consequence of its violation. With one letter, the defendant violated the right of his victim to be free from further harassment and challenged the integrity of the court. Accordingly, we echo the sentiments of the trial court and affirm its decision:

> [Y]ou're the one the Court told to stay away from her and not to have any contact with her. You told me you would and you get out there -- I can not have people, Mr. Weaver, intimidating people that are victims of their criminal activity, I can't have that.
>
> I specifically ordered you not to have any contact with her whatsoever, and you did it anyway. You've intimidated her when you told her you'll see her soon. I can understand why she would have been threatened by that and why she would have fear after everything that's gone on. I can't tolerate that, Mr. Weaver, I can't have people deliberately violating the order when its protection of somebody else, I just can't have that done.

Further, we note that the trial court's decision coincides with the important legislative policy against domestic abuse. See, e.g., Tenn. Code Ann. § 36-3-618. We recognize, like the legislature, the seriousness of domestic abuse as a crime and the pressing need to afford its victims assurance and protection. In this case, the court's duty is to stand behind its order and provide this victim of abuse some level of safety and peace.

## CONCLUSION

We AFFIRM the trial court's order revoking the defendant's probation.

-4-

_____
JOHN EVERETT WILLIAMS, Judge

-5-

CONCUR:


_____
JOSEPH M. TIPTON, Judge



_____
ALAN E. GLENN, Judge