IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs at Knoxville December 20, 2006

## STATE OF TENNESSEE v. CHARLES A. GREEN

**Appeal from the Circuit Court for Perry County**
**No. 738      Robert E. Lee Davies, Judge**

———————————

**No. M2006-01358-CCA-R3-CD - Filed February 21, 2007**

———————————

The defendant, Charles A. Green, was convicted on his guilty pleas of three counts of aggravated assault, a Class C felony. The defendant, a Range I offender, received four-year sentences, with two counts to be served consecutively, for an effective sentence of eight years. The effective sentence involved split confinement of one year in jail and seven years on probation. The trial court later found that the defendant had violated his probation by committing a new offense and revoked his probation. The defendant appeals, arguing that substantial evidence does not support that determination. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

John H. Henderson, District Public Defender, and Dana M. Ausbrooks, Assistant Public Defender, for the appellant, Charles A. Green.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Ronald L. Davis, District Attorney General, and Jeffrey Lynn Long, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant's convictions are based upon physical violence he inflicted upon his wife and two young nephews. The conduct upon which the revocation was premised was further physical abuse of his pregnant wife while he was on probation for the earlier abuse. The terms of the defendant's probation provided, among other things, that the defendant must obey the municipal, state, and federal laws, that he must report all arrests, and that he must not engage in any "assaultive, abusive, threatening, or intimidating conduct."

The defendant's wife testified that the defendant physically abused her over the course of four days and restrained her in their home until she was able to escape. She testified that she was in the process of obtaining a divorce from the defendant and had obtained an aggravated assault warrant against the defendant for the conduct in question. She also admitted that she had committed perjury in juvenile court relative to the defendant's prior abuse of her. She claimed that she had done so to avoid further violence and that she had been convicted and had completed a probationary sentence for the perjury. The defense questioned the victim, who admitted she was a former methamphetamine user, about whether she had admitted her drug use to the medical personnel at the hospital where she was treated for her injuries following the assaults. She claimed that she had reported it and that she did not know what "Habits: Denies ETOH" meant in her hospital records. The victim admitted that she had been subject to probation revocation for failing to report to her probation officer, and she testified that the defendant prevented her from complying with this condition of probation. The defense impeached the victim with a discrepancy between her testimony and the affidavit of complaint for the offense relative to the number of days during which she was held prisoner and abused by the defendant. The victim claimed that she essentially lost track of time due to the nature of the situation.

The state introduced photographs, from which the victim identified the injuries she received at the hands of the defendant. The defense introduced various documents relative to the victim's prior perjury conviction, which included a document which appears to be an unauthenticated partial transcription of the hearing at which the perjury occurred, the indictment, the judgment, and a revocation order for the victim's probation.

A probation officer testified that he had previously supervised the defendant's probation officer. He said that a probation officer who was no longer employed with the Board of Probation and Parole had filed the revocation warrant against the defendant.

After receiving the evidence, the trial court found "clear evidence" that the defendant had committed an act identical to the ones for which he was on probation. The court acknowledged that the victim was an admitted perjurer, but it accredited her testimony, noted that she had been subject to abuse at the hands of the defendant, and found that "it is very difficult for . . . the victim to come forward because of the continued threat of violence." The trial court revoked probation and ordered that the defendant serve his sentence in prison.

In this appeal, the defendant claims that the trial court erred in revoking probation because the victim's testimony is so incredible that it cannot constitute substantial evidence of a violation. Relative to when a trial court may revoke probation and to the standard of review in an appeal of such an action, in State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991), our supreme court stated:

> We take note that a trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence. T.C.A. § 40-35-311. The judgment

of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

In this case, the victim testified about the defendant holding her against her will in their home and perpetrating repeated acts of physical violence against her. Her testimony was corroborated by photographs of her injuries. This evidence was unrefuted. The defense attempts to make much of the victim's prior perjury. The victim admitted the perjury and offered an explanation. The trial court acknowledged this issue and found the victim credible nevertheless. The defense also claims that the victim was incredible because of the purported notation in the victim's medical records relative to denial of "ETOH" use. Neither these records nor any evidence supporting the defendant's assertion that "ETOH" refers to drugs and alcohol was introduced at the hearing.

We hold that the trial court's determination that the defendant had violated the terms of probation was supported by substantial evidence and that the trial court did not abuse its discretion in revoking his probationary sentences and ordering him to serve his sentences in prison. In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE