STATE of Tennesseee, Appellee,

v.

**Randy WILLIAMSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Feb. 19, 1981.

Permission to Appeal Denied by Supreme Court April 13, 1981.

On April 17, 1978, Williamson pled guilty to five counts of second degree burglary and one count of concealing stolen property. He was sentenced in cases 73, 74, 76, and 79 to four terms of imprisonment not less than three nor more than three years; and in cases 75 and 80 to two terms of imprisonment not less than five nor more than five years. The trial judge ordered consecutive sentences as to cases 73, 75 and 76. Thereafter, on September 22, 1978, the appellant was placed on probation for a period of five years. On April 15, 1980, after an evidentiary hearing, the trial judge revoked appellant's probation, finding him in violation of two conditions of his probation: (1) failure to make installment payments on the costs of his prosecution; and (2) drinking intoxicating liquor. Subsequently, Williamson filed a motion to reconsider and the court held two additional evidentiary hearings. The court adhered to its revocation of the suspended sentences.

The proof elicited at the hearings showed that as a condition of probation the appellant, among other things, was ordered to pay $20 per month toward the court costs involved in his prosecution and was not to drink intoxicating liquor. The proof further showed that on April 3, 1980, the appellant was arrested for driving while intoxicated. Appellant's blood alcohol content was .16 per cent at the time of his arrest. He admitted that he had had a few drinks. In addition, the proof showed that he owed $684.98 court costs, none of which was paid prior to the initial revocation hearing.

The revocation of a suspended sentence is committed to the sound judicial discretion of the trial judge, and his decision on the matter will not be reversed on appeal unless it appears that the trial judge has acted arbitrarily in the matter. *Finley v. State*, 214 Tenn. 149, 378 S.W.2d 169 (1964); *Davenport v. State*, 214 Tenn. 468, 381 S.W.2d 276 (1964); *Jenkins v. State*, 496 S.W.2d 521 (Tenn.Cr.App.1973).

As for the revocation of appellant's suspended sentence based upon his failure to pay court costs, this was improper. On

William M. Leech, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Steven R. Hawkins, Asst. Dist. Atty. Gen., Maryville, for appellee.

F. D. Gibson, Maryville, for appellant.

## OPINION

WALKER, Presiding Judge.

The appellant, Randy Williamson, appeals from the revocation of his suspended sentences in six cases.

April 14, 1978, the legislature amended T.C.A. 40–2901 to provide that:

"The trial judge shall not have the authority to require that the defendant either secure or pay the costs accrued in the case at the instance of the state before a hearing on the defendant's petition for suspension of sentence and probation is held or as a condition to granting such defendant's petition for suspension of sentence and probation." Tenn.Pub.Acts. 1978, ch. 876.

■ The condition that appellant pay $20 per month on the court costs was an improperly imposed condition as a matter of law, and thus, his revocation on this ground was improper. The state, on appeal, asks us to interpret T.C.A. 40–2901 to allow imposition by the trial judge of a condition of probation that court costs be paid so long as the actual payment is to be made subsequent to the granting of probation. We decline to so hold for this would allow the trial judge to do indirectly what the legislature has determined he cannot do directly. For example, under the state's interpretation of the statute, it would be improper for the trial judge to require payment of the court costs prior to placing a defendant on probation, but it would be proper to require, as a condition to placing a defendant on probation, that he pay the court costs on the day after having been granted probation. The trial judge erred in this respect.

■ As for the revocation of appellant's suspended sentence based upon his drinking of alcoholic beverages, the appellant at trial and on appeal admits his guilt. The appellant makes no claim that the condition was unreasonable. See *Stiller v. State*, 516 S.W.2d 617 (Tenn.1974); ABA Standards for Criminal Justice, Probation, 3.2. Appellant merely claims that the trial judge should have exercised his discretion against revocation of appellant's suspended sentence and instead simply held appellant in contempt of court for violating the court's probation order. This issue was not presented to the trial judge nor were the due process requirements for contempt of court waived by the appellant. In any event, whether to revoke probation or hold appellant in contempt of court was within the trial judge's discretion. In light of appellant's commission of another criminal offense, we cannot say, had the trial judge been given the opportunity, that he abused his discretion in revoking appellant's probation.

Affirmed.

DAUGHERTY and CORNELIUS, JJ., concur.