IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. AUDREY BLACK**

**Direct Appeal from the Circuit Court for Blount County**
**Nos. C-6528,6529,6530     D. Kelly Thomas , Judge**

---

**No. E1999-01391-CCA-R3-CD - Decided June 8, 2000**

---

Defendant Audrey Black pled guilty to three counts of selling cocaine and she received concurrent sentences of nine years for each conviction, with thirty days to be served in jail and eight years and eleven months to be served in the Community Corrections Program. The trial court subsequently transferred Defendant from the Community Corrections Program to probation. Thereafter, the trial court revoked Defendant's probation and ordered her to serve sixty days in jail with work release eligibility, followed by the balance of her sentence on probation. Defendant contends that the trial court erred when it revoked her probation and ordered her to serve sixty days in jail before returning to probation. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which TIPTON, J. and OGLE, J. joined.

Raymond Mack Garner, District Public Defender, and Shawn G. Graham, Assistant Public Defender, Maryville, Tennessee, for the appellant, Orlando Malone at trial; Julie A. Rice, Knoxville, Tennessee, for the appellant Orlando Malone on appeal.

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General, Michael L. Flynn, District Attorney General, John Anderson Bobo, Jr., and Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. BACKGROUND**

On June 23, 1992, Defendant pled guilty to three counts of selling cocaine. On July 31, 1992, the trial court sentenced Defendant as a Range I standard offender to concurrent terms of nine years for each conviction, with thirty days to be served in jail and eight years and eleven months to be served in the Community Corrections Program. On November 10, 1997, the trial court entered an order which transferred Defendant from the Community Corrections Program to probation.

On January 15, 1999; March 3, 1999; and March 4, 1999; probation violation reports were filed which alleged that Defendant had violated her probation by being convicted of DUI, using intoxicating substances, failing to seek ordered drug/alcohol treatment, failing to pay court costs, and violating curfew. On June 14, 1999, the trial court conducted a probation revocation hearing.

At the beginning of the revocation hearing, Defendant stipulated that she had violated her probation by being convicted of DUI, using intoxicating substances, failing to seek ordered drug/alcohol treatment, failing to pay court costs, and violating curfew.

Defendant testified that after she was transferred to probation, she fell behind on the payment of court costs because she had to care for ill family members. As a result of caring for these sick relatives, Defendant experienced stress and her finances "went haywire." On March 11, 1999, she lost her job of five and one half years due to a misunderstanding about overtime work. Defendant also testified that she had no immediate employment prospects.

Defendant testified that after she lost her job and lost her insurance, she failed to complete a drug and alcohol treatment program because she was not in a financial position to pay for treatment. Defendant admitted that she had been using alcohol around the time that she committed the DUI offense. In regard to the probation violations, Defendant testified that she had simply been overwhelmed by dealing with her mother's illness and subsequent death.

Defendant testified on cross-examination that she had experienced difficulty in paying her court costs while she was still in the Community Corrections Program toward the end of 1996, and this difficulty resulted in the alteration of her payment schedule in order to accommodate her. Defendant also admitted that she had previously been on probation for concealing stolen property. The presentence report indicates that Defendant's period of probation for that conviction had been extended because of an allegation that she had violated probation by failing to perform community service.

At the conclusion of the revocation hearing, the trial court found that based on Defendant's stipulation, Defendant had violated the terms of her probation. The court then noted that Defendant had performed well in the Community Corrections Program and she did have potential for rehabilitation. The court then found that in the best interests of both Defendant and society, Defendant should be ordered to serve sixty days in jail with work release eligibility before completing the remainder of her sentence on probation.

## II. ANALYSIS

Defendant contends that the trial court erred when it revoked her probation and ordered her to serve sixty days in jail before returning to probation. We disagree.

The circumstances upon which probation can be revoked are specified in Tennessee Code Annotated section 40-35-311(e):

If the trial judge should find that the Appellant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the Appellant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310; provided, that in case of such revocation of probation and suspension, the Appellant has the right to appeal.

Tenn. Code Ann. § 40-35-311(e) (Supp. 1999). The Tennessee Supreme Court has stated that under this provision:

The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment.

State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991) (citations omitted). Thus, "[t]he revocation of a suspended sentence is committed to the sound judicial discretion of the trial judge, and his decision on the matter will not be reversed on appeal unless it appears that the trial judge has acted arbitrarily in the matter." State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App.1981) (citations omitted).

The trial court's decision to revoke Defendant's probation was clearly not an abuse of discretion. Indeed, Defendant stipulated that she violated her probation by being convicted of DUI, using intoxicating substances, failing to seek ordered drug/alcohol treatment, failing to pay court costs, and violating curfew. This stipulation is substantial evidence to support the revocation order. State v. Yvonne Burnette, No. 03C01-9608-CR-00314, 1997 WL 414979, at *2 (Tenn. Crim. App., Knoxville, July 25, 1997), app. denied, (Tenn. April 13, 1998).

Defendant argues that even if the trial court correctly revoked her probation, the trial court still erred when it failed to place her on intensive probation or place her back in the Community Corrections Program in lieu of the sixty days of confinement. However, this Court has previously held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative punishment" after a revocation of probation. State v. Roger Dale Vance, No. 03C01-9808-CC-00317, 1999 WL 692865, at *2 (Tenn. Crim. App., Knoxville, Aug. 31, 1999) (No Rule 11 application filed). There is no question that when a defendant violates the conditions of his or her probation, the trial court has the authority to revoke probation and impose the original sentence. Tenn. Code Ann. §§ 40-35-310, -311 (1997 & Supp. 1999). In addition, the trial court may also "impose any penalty less than or equal to that sentence originally imposed upon the probationer." Roger Dale Vance, 1999 WL 692865, at *2. Thus, the trial court clearly had the authority to order Defendant to serve sixty days in jail with work release eligibility followed by the remainder of the sentence on probation.

Defendant also argues that the trial court's order was completely arbitrary because the court failed to consider her personal circumstances. However, the record indicates that in addition to

considering the nature of Defendant's probation violations, the trial court also considered Defendant's positive attributes, such as her past performance in the Community Corrections Program and her potential for rehabilitation. Indeed, it is obvious that the trial court's determination that Defendant should serve only sixty days in confinement, rather than all of her remaining sentence, was based on Defendant's positive characteristics as well as her personal circumstances.

In short, we conclude that the trial court did not abuse its discretion when it revoked Defendant's probation and ordered her to serve sixty days in jail followed by the remainder of the sentence on probation. Accordingly, the judgment of the trial court is AFFIRMED.