IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

DECEMBER SESSION, 1997

FILED

January 21, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9705-CR-00169 |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | KNOX COUNTY |
| VS. | ) | |
| | ) | HON. RICHARD BAUMGARTNER |
| DAVID TAYLOR, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF KNOX COUNTY

FOR THE APPELLANT:

MARK E. STEPHENS
District Public Defender

PAULA R. VOSS
JOHN HALSTEAD
Assistant Public Defenders
1209 Euclid Avenue
Knoxville, TN 37921

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

MARVIN E. CLEMENTS, JR.
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

RANDALL E. NICHOLS
District Attorney General

PAULA GENTRY
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

DAVID H. WELLES, JUDGE

# OPINION

The Defendant appeals as of right from the judgment of the trial court which found him to be in violation of the terms of his probation. He argues that the trial judge failed to exercise conscientious judgment and abused his discretion. We disagree and affirm the judgment of the trial court.

On July 11, 1996, the Defendant was convicted upon his pleas of guilty to one count of selling less than one-half gram of cocaine and one count of felony escape.[1] He was sentenced to consecutive terms of five years and one year to be served on probation with the Community Alternative to Prison Program (CAPP), a community-based alternative to incarceration.[2] On August 22, 1996, a warrant was filed alleging that the Defendant had violated the terms of his probation in several respects. Following an evidentiary hearing, the trial court determined that the Defendant was in violation of the conditions of his CAPP sentence, and ordered that the remainder of his effective six-year sentence be served in the Department of Correction. It is from this order of the trial court that the Defendant appeals.

Both the granting and denial of probation rest in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, the trial judge has the discretionary authority to revoke probation if a

---

[1]Tenn. Code Ann. §§ 39-17-417 and 39-16-605.

[2]The Defendant refers to his status as having been on "probation." The judgment appears to provide for a community corrections sentence. Whether the Defendant was on probation or in community corrections is immaterial to the disposition of this appeal. Participation in a community corrections program may be a condition of probation. Tenn. Code Ann. § 40-36-106(f).

preponderance of the evidence establishes that a defendant violated the conditions of his probation. The trial judge must, however, adduce sufficient evidence during the probation revocation hearing to allow him to make an intelligent decision. Id. The determination made by the trial court, if made with conscientious judgment, is given the weight of a jury verdict and entitled to affirmance. Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).

When a probation revocation is challenged, the appellate courts have a limited scope of review. For an appellate court to be warranted in finding a trial judge erred in determining that a violation has occurred, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). If the violation is so supported by the record, the judgment of the trial court revoking probation will not be disturbed on appeal unless it appears that the trial court acted arbitrarily or otherwise abused its discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

Testimony established that one of the conditions of the Defendant's release into the community was that he reside at a halfway house known as the Home Halfway House in Knox County. The Defendant moved into the halfway house as directed, but after approximately two weeks, he moved out and thereafter made no effort to comply with any of the terms of his community-based sentence. Efforts to contact him were unsuccessful.

The Defendant testified at the hearing. He apologized to the court "for not keeping my end of the deal while on probation." The Defendant apparently has

AIDS. He testified that he had been despondent and depressed because of his illness and his family's reaction to his illness. He stated that it was the stress from his condition that caused him to fail to comply with the conditions of his sentence. He promised that if he were given another chance he would comply with the conditions of his release. On cross-examination, he acknowledged that he had previously been on both probation and parole and had violated the terms of his release on those occasions also. He acknowledged that he had left the halfway house after only about two weeks, and that he failed to contact anyone with the program further because he was "depressed and frustrated."

At the conclusion of the hearing, the trial judge stated as follows:

> It sounds, Mr. Taylor, as though there have been some certainly unpleasant times in your life, and I--I have a certain amount of compassion for your situation. However, Mr. Taylor, there--there comes a time when, you know, this Court is left with no choice.

> Now, the most recent history in this case is that--that you were on probation. We revoked that probation, had CAPP take a look at you, and sentenced you to serve this sentence on the CAPP program with the condition that you reside in and remain in good standing at the Home Halfway House up on Connecticut Avenue. That was on July 11th of this past--this--six months ago. And I've--I told you then, and I wrote it down, that if you get kicked out of the house or you failed to report to CAPP that I'm not going to have any choice but to revoke you. And as we've heard here now today, it wasn't the end of the month before you had violated both of those direct orders. And, you know, based on that, based on what I told you then, and based on your record, I don't have any choice.

We conclude that this record contains substantial evidence to support the finding of the trial judge that the Defendant violated the conditions of his community-based alternative sentence. We cannot conclude that the trial judge abused his discretion when he revoked the Defendant's CAPP sentence and ordered his sentence served in the Department of Correction. We believe the

-4-

record demonstrates that the trial judge made a conscientious and intelligent decision.

For these reasons, the judgment of the trial court is affirmed.


_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE