IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

SEPTEMBER 1997 SESSION



FILED

April 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | NO. 03C01-9610-CC-00366 |
| Appellee, | ) | |
| | ) | BLOUNT COUNTY |
| v. | ) | |
| | ) | Hon. D. Kelly Thomas, Jr. |
| BONNIE STILLWELL | ) | |
| | ) | (Probation revocation) |
| Appellant | ) | |
| | ) | |

For the Appellant

Mack Garner
District Public Defender
419 High Street
Maryville, TN. 37804

For the Appellee

John Knox Walkup
Attorney General & Reporter

Sarah M. Branch
Assistant Attorney General
2nd Floor Cordell Hull Building
425 Fifth Avenue North
Nashville, TN. 37243-0943

Michael L. Flynn
District Attorney General

Edward P. Bailey, Jr.
Assistant District Attorney General
363 Court Street
Maryville, TN. 37804-5906

OPINION FILED:_____

AFFIRMED

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Bonnie Stillwell, appeals as of right the Blount County Circuit Court's order to revoke her probation. She contends that the trial court's order was improper in light of her efforts to comply with the terms of probation. After a review of the record, we affirm the judgment of the trial court.

On October 17, 1995, the appellant pled guilty to nine counts of passing a worthless check under $1000 and was sentenced to eleven (11) months and twenty nine (29) days on each count. The trial court found that those offenses were committed while the appellant was serving probationary sentences for previous convictions.[1] The trial court, therefore, revoked that probation and placed the appellant on intensive probation.

As part of intensive probation, the appellant was ordered to report to and obey all instructions from her probation officer, maintain employment approved by her probation officer, complete ten hours of community service per month, notify her probation officer of any change of address, and pay restitution and court costs for her current and previous worthless check convictions. Additionally, the appellant was ordered to serve ninety (90) days, split confinement, in the Blount County jail.[2]

On March 25, 1996, the appellant was arrested pursuant to a probation violation warrant. The trial court conducted a hearing and received testimony from the appellant and her probation officer. The evidence was undisputed that the appellant had failed to comply with the terms of her intensive probation. In the five months following the trial court's judgment, the appellant had served only twenty eight (28)

---

[1]The appellant's prior convictions were based upon guilty pleas entered in January, 1995. She pled guilty to eight counts of passing a worthless check under $1000, three counts of passing a worthless check over $1000, one count of misdemeanor theft, two counts of forgery, and two counts of uttering a forged document. The trial court sentenced appellant to concurrent terms of eleven (11) months and twenty nine (29) days for each count of passing a worthless check under $1000 dollars, two (2) years for each count of passing a worthless check over $1000, eleven (11) months and twenty nine (29) days for misdemeanor theft, one (1) year for each count of forgery, and one (1) year for uttering a forged document. The sentences were suspended and the appellant was placed on supervised probation pursuant to Tennessee Code Annotated section 40-20-206 (Supp. 1994).

[2]The trial court ordered the appellant to serve the jail term at two days a week for forty five (45) consecutive weeks.

days of her split confinement in the Blount County jail. Moreover, she had failed to complete any community service and had quit her job and changed residences without notifying her probation officer.

Marcus Miller, the appellant's probation officer, testified that the appellant was negligent in her attendance at their weekly probation meetings. Mr. Miller stated that for nearly two consecutive months, the appellant missed her probation meetings and failed to serve any jail time as required under her split confinement. Furthermore, he indicated that for over a month, he lost all contact with the appellant and was unable to reach her at her residence.

From previous meetings with the appellant, Mr. Miller had knowledge that the appellant was experiencing difficulties at work and in her marriage. He testified that the appellant quit her job at Walmart in December, 1995, and failed to find subsequent employment. Moreover, he stated that she began moving to different residences in January, 1995, because she was attempting to hide from an abusive husband. Mr. Miller explained that he tried to work around the appellant's difficulties; however, he was unable to help her after she moved without notifying his office.

The appellant admitted that she had failed to comply with the terms of her probation. She explained, however, that her domestic problems and various health ailments prevented her from satisfying the probation requirements. The appellant testified that she suffered from bursitis in her hip and was unable to walk for several weeks in December, 1995. She stated that she spent almost two weeks in bed during that month and was forced to quit her job at Walmart. However, she could not explain why she completely terminated her employment instead of requesting a medical leave of absence.

The appellant also testified that due to problems with her husband, she was unable to serve her jail time or attend the scheduled meetings with her probation officer. According to the appellant, her husband persistently abused her and threatened her life during the probation period. She testified that she moved away

3

from her husband in January, 1996; however, she indicated that he eventually found her and confiscated her vehicle.

Based upon the above evidence, the trial court determined that the appellant had materially violated the terms of her intensive probation. The trial court, therefore, revoked probation and ordered the appellant to serve ninety (90) days in the Blount County jail.

The appellant contends on appeal that the trial court's order was excessive and improper in light of the personal circumstances surrounding her case. Although she challenges the revocation of her probation, the substance of her complaint is the length of the ninety (90) day sentence. She requests this Court to reduce her sentence to thirty (30) days of split confinement in the Blount County jail with the remainder to be served in community corrections.

To support her contention, the appellant relies upon the principles set forth in State v. Dye, 715 S.W.2d 36, 40-41 (Tenn. 1986). In Dye, our supreme court addressed the revocation of probation where a defendant failed to pay restitution. See id. at 37. Following the United States Supreme Court's decision in Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the Dye court held that when a probationer has made all reasonable efforts to pay restitution, it is fundamentally unfair to revoke probation without considering whether adequate alternative methods of punishment are available. See 715 S.W.2d at 40. However, the court observed that the Bearden rationale is limited and does not apply where a defendant is somehow responsible or at fault in failing to pay the restitution. See id.

In this case, we find that the trial court's order was justified in light of evidence that the appellant was responsible for neglecting her probation requirements. The appellant admitted that she failed to participate in community service, she missed multiple meetings with her probation officer, she quit her job without obtaining subsequent employment, she changed her residence without notifying her probation officer, and she failed to serve her jail term as instructed by the trial court. Although

4

the appellant contends that various health and domestic problems contributed to her noncompliance, she has failed to demonstrate a clear inability to conform to the terms of her probation. The record reflects that the appellant was given several opportunities by her probation officer to satisfy the probation requirements; however, she persistently missed her probation meetings and further lost contact with her probation officer for almost two months.

Although we sympathize with the appellant's predicament, we find that her probation violations, both present and past, justify the trial court's order. A trial court may revoke a defendant's probation whenever it finds by a preponderance of the evidence that the defendant has violated the conditions of her probation. See Tenn. Code Ann. § 40-35-311(d) (1995). Moreover, upon revocation, the trial court may execute a new sentence provided that it is equal to or less onerous than the original sentence. See State v. Melvin Griffin, No. 01C01-9503-CC-00090 (Tenn. Crim. App. at Nashville, Nov. 16, 1995).

In this case, the trial court revoked appellant's probation and imposed a less onerous sentence of ninety (90) days in the Blount County jail. That decision was committed to the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981), *per. app. denied* (Tenn. 1981).

Finding no abuse of discretion, we affirm the judgment of the trial court.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
JOHN H. PEAY, JUDGE

_____
DAVID G. HAYES, JUDGE