IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**June 3, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | |
| | ) | 03C01-9705-CR-00176 |
| Appellee | ) | |
| | ) | KNOX COUNTY |
| v. | ) | |
| | ) | Hon. Richard R. Baumgartner, Judge |
| LEMONT E. BLAIR | ) | |
| | ) | (Community Corrections Revocation) |
| Appellant. | ) | |
| | ) | |

For the Appellant:

Gerald L. Gulley, Jr.
Baker, McReynolds, Byrne,
O'Kane, Shea & Townsend
P.O. Box 1708
Knoxville, TN. 37901-1708

Randall E. Reagan
602 Gay Street, Ste. 905
Knoxville, TN. 37902

For the Appellee:

John Knox Walkup
Attorney General & Reporter

Clinton J. Morgan
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN. 37243-0493

Randall Eugene Nichols
District Attorney General

Paula R. Gentry
Assistant District Attorney General
P.O. Box 1468
Knoxville, TN. 37901-1468

OPINION FILED:_____

AFFIRMED PURSUANT TO RULE 20

WILLIAM M. BARKER, JUDGE

OPINION

The appellant, Lemont E. Blair, appeals as of right the Knox County Criminal Court's revocation of his community corrections sentence. We affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

In 1995, the appellant pled guilty to possession of cocaine with the intent to sell, possession of marijuana with the intent to sell, and possession of a deadly weapon, to wit: a hand grenade. The trial court sentenced the appellant to ten (10) years on each count and ordered the sentences to be served concurrently in a community-based alternative to prison ("CAPP").[1]

After serving approximately seven months in the community corrections program, the appellant was arrested pursuant to a CAPP violation warrant. The trial court conducted an evidentiary hearing and received testimony from witnesses including appellant's CAPP supervisor, Katherine Hancock. Ms. Hancock testified that the appellant complied with the conditions of his sentence until around May 1996. She stated that at that point, he began missing both his curfew and his weekly meetings with supervisors and support groups. Moreover, Ms. Hancock testified that the appellant had failed to pay any money towards his court costs.

Through additional testimony, the State also sought to prove that the appellant was involved in a robbery and shooting on June 25, 1996. The incident occurred during the early morning hours at the Walter Taylor Housing Project in Knoxville, Tennessee. According to eyewitness testimony, several black males surrounded and assaulted the victim, Ryan Simmons, in a nearby parking lot. One witness, Jennifer Smith, testified that she heard two gun shots and observed the appellant dragging the

---

[1]The conditions of appellant's CAPP included: (1) compliance with all state and federal laws; (2) avoidance of alcoholic beverages, illegal drugs, and beer taverns; (3) reporting to CAPP officials of any traffic citations or other arrests; (4) no fraternizing with any persons known to be dealers or users of illegal drugs; (5) no possession or ownership of a firearm or weapon; (6) maintenance of lawful employment; (7) compliance with an evening curfew; (8) monthly payment of court costs; (9) completion of 96 hours of community service work per year; (10) payment of a yearly community corrections fee in the amount of $60.00 dollars; (11) payment of restitution to a victim if applicable; (12) limitations on travel within the state; (13) restrictions on setting dates for marriage or contracting any major debts; and (14) participation in Day Reporting Center activities.

victim's body behind a dumpster. Ms. Smith, however, did not see the shooting and was unable to identify the appellant as the gunman.

Detective Terry Clowers of the Knoxville Police Department testified that the appellant was arrested and questioned about the shooting a few hours after police arrived on the scene. The appellant admitted that he was at the housing project when the shooting occurred; however, he stated that he merely happened upon the injured victim and pulled him behind a dumpster for safety. He further indicated to Detective Clowers that he was working at the housing project that evening as a barber. Detective Clowers interviewed other witnesses who placed the appellant at the scene before and after the shooting. However, there was no evidence that appellant was involved in the crime and he was never charged.

Although appellant disputed his involvement in the shooting, he conceded that he had failed to comply with certain conditions of his community corrections sentence. The trial court determined that appellant was in material violation of CAPP based upon his curfew violations and his failure to attend weekly meetings.[2] The judge noted that he had warned appellant at an earlier hearing that non-compliance in the community corrections program would result in a custodial sentence.[3] Accordingly, the trial judge revoked community corrections and ordered the appellant to serve the remainder of his sentence in the Tennessee Department of Correction.

A trial judge may revoke a community corrections sentence upon finding that the defendant has violated the conditions of his sentence by a preponderance of the evidence. See Tenn. Code Ann. § 40-35-311(d) (Supp. 1995). The judgment of the trial court in that regard will not be overturned on appeal absent an abuse of discretion. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v.

---

[2]The trial court was unwilling to conclude that appellant was involved in the crime at the housing project. However, the court determined that appellant's presence at the crime scene was proof of his curfew violation.

[3]The trial court conducted a hearing on April 26, 1996, to check appellant's progress in the community corrections program. At that hearing, the court apparently found that appellant had been sporadic in his attendance of weekly CAPP meetings.

Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981), *perm. app. denied* (Tenn. 1981).

In this case, we conclude that the evidence of appellant's CAPP violations was sufficient for the trial judge to make a conscientious and intelligent judgment. The appellant has conceded that he missed weekly meetings with his CAPP groups, he violated his curfew, and he failed to pay court costs. As such, the revocation of his community corrections sentence was proper.

The judgment of the trial court is affirmed pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

_____
WILLIAM M. BARKER, JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
J. CURWOOD WITT, JR., JUDGE