IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. MICHAEL D. WILLIS

**Appeal from the Circuit Court for Blount County**
**No. C-16948      David R. Duggan, Judge**

**No. E2009-01870-CCA-R3-CD - Filed September 27, 2010**

The Defendant, Michael D. Willis, appeals the Blount County Circuit Court's order revoking his probation for promotion of methamphetamine manufacture, a Class D felony, and ordering him to serve his three-year sentence in the Department of Correction. We hold that the trial court did not abuse its discretion, and we affirm the judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Michael D. Willis.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; and Kathy Aslinger, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Pursuant to an agreement, the Defendant pled guilty on December 10, 2007, to promoting the manufacture of methamphetamine and received a three-year sentence on supervised probation. On July 20, 2009, Danny Williams, the Defendant's probation officer, filed a probation violation report, alleging that the Defendant violated the terms of his probation by being arrested twice in Cumberland County. He stated that the first arrest was on charges of criminal impersonation and driving on a revoked license and that the second was on charges of evading arrest, reckless driving, leaving the scene of the accident, violation of financial responsibility law, and driving on a revoked license.

At the revocation hearing, Mr. Williams testified that the Defendant was arrested in Cumberland County on two occasions in June 2009 and that he failed to report his arrests as required as a condition of probation. Mr. Williams testified that on June 20, 2009, he discovered the Defendant's two arrests for seven charges occurring in an eight-day period. He said that on July 17, the Defendant reported the driving on revoked license and leaving the scene of an accident charges but failed to mention the other charges. Williams testified that before the probation violation, the Defendant reported as required, completed his alcohol and drug assessment as required, performed his community service promptly, and had been consistently employed.

Sergeant Roy Kemmer of the Cumberland County Sheriff's Department testified that he first arrested the Defendant when he stopped the Defendant for a tail light violation. He said that when he asked for the Defendant's driver's license, the Defendant replied that he did not have his license and stated that his name was Kenneth Wayne Willis, who was the Defendant's brother. Sergeant Kemmer testified that he was familiar with the Defendant from previous experiences and that his dispatcher informed him that the Defendant's license had been revoked. He arrested the Defendant for driving on a revoked license and for criminal impersonation. Sergeant Kemmer also testified that shortly after the first June arrest, he was dispatched to a car accident and that on his way to the accident, he saw the Defendant driving at a high speed on the wrong side of the road, dragging his car's bumper. Sergeant Kemmer testified that he turned around and activated his blue lights but that the Defendant refused to stop and continued driving recklessly. He said that when the Defendant eventually stopped, the Defendant's door would not open due to damage and that the Defendant climbed out the window and fled the scene. Sergeant Kemmer stated that the Defendant was arrested the next day by another deputy.

The Defendant did not testify. The trial court found that the Defendant violated his probation by committing new offenses. The trial court revoked the Defendant's probation and ordered him to serve his sentence in confinement.

On appeal, the Defendant argues that the trial court erred in revoking his probation and ordering him to serve his sentence in confinement. He contends that despite the evidence of his criminal conduct in Cumberland County, he otherwise complied with the terms of his probation. The State argues that the trial court did not abuse its discretion. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the

defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35–308(a), (c), -310; <u>see</u> <u>State v. Hunter</u>, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. <u>See</u> <u>State v. Williamson</u>, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

The Defendant contends that he regularly reported to his probation officer, completed his alcohol and drug assessments, passed all his drug screens, completed his community service promptly, and maintained employment. He also contends that the incidents in June 2009 were "relatively minor" and could be resolved in Cumberland County. Because of his otherwise satisfactory performance on supervised probation and the "nature of [the June 2009] incidents," he contends that ordering him to serve the remainder of his sentence in confinement is "unduly harsh."

The record reflects that the Defendant violated the terms of his probation when he was arrested on multiple charges, failed to report these arrests to his probation officer in a timely manner, and failed to report all of the offenses for which he was arrested. It also contains proof that he committed the offenses in Cumberland County.

The question that remains is whether the trial court erred in ordering the Defendant to serve his sentence in confinement. The evidence at the hearing established that the Defendant had two arrests within eight days, that he failed to report them promptly, and that he was not honest with his probation officer about the extent of the charges. These facts overshadow the Defendant's argument that he should have been given a second chance at probation because he had complied with the other conditions of probation. The trial court did not err in ordering the Defendant to serve his sentence in confinement.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE