# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 29, 2010

## STATE OF TENNESSEE v. VINCENT JORDAN

**Appeal from the Montgomery County Circuit Court**
**No. 40700160     Michael R. Jones, Judge**

**No. M2009-02488-CCA-R3-CD - Filed November 10, 2010**

The Defendant, Vincent Jordan, appeals the Montgomery County Circuit Court's order revoking his probation for robbery, a Class C felony, and ordering the Defendant to serve the remainder of his eight-year sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Edward E. DeWerff, Clarksville, Tennessee, for the appellant, Vincent Jordan.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On August 10, 2007, the Defendant pled guilty to robbery and was sentenced as a Range II, multiple offender to eight years of intensive probation. On May 18, 2009, the Defendant's probation officer, Gary Hammer, filed a probation violation report alleging that the Defendant was arrested on new criminal charges involving marijuana and a weapon, and that he failed to report that arrest, failed to provide proof of employment, left the state without permission, and failed to pay court costs.

At the revocation hearing, Mr. Hammer testified that he received an anonymous telephone call informing him that the Defendant moved to Louisiana. He said the Defendant did not notify him of the move or request permission before traveling to Louisiana. He

confronted the Defendant with this information in May 2009, and the Defendant admitted that he had moved to Louisiana. He said that the Defendant provided his address in Louisiana and also admitted having been arrested in Louisiana on November 25, 2008. He said the Defendant was arrested for possessing marijuana and a handgun.

Mr. Hammer testified that the Defendant worked in a tire shop. He said that although the Defendant failed to show proof of employment, he had no reason to doubt the Defendant.

The Defendant testified that while on probation in November 2008, he went to Louisiana to attend his cousin's funeral. He said that he attempted to inform his probation officer of this trip but that Mr. Hammer was not in his office. Because the funeral was the next day, he decided that it was necessary leave the state without permission. The Defendant said he was arrested while in Louisiana for the funeral and charged with possessing marijuana and a handgun. He admitted that he did not immediately report that arrest to his probation officer because he thought Mr. Hammer "knew about it anyway."

The Defendant testified that he returned to Louisiana in January 2009 for his first court date. He said he did not tell Mr. Hammer about traveling to Louisiana or his arrest because "[t]he next couple [of] times I came to the office to report he wasn't in there." During one of these trips to the probation office, he selected "yes" on a written form to show that he had been arrested but did not provide details of his arrest on the form or to Mr. Hammer. He said he informed Mr. Hammer of his second court date and received permission to leave the state.

The Defendant testified that he worked at a car detailing business. He said that because he was paid in cash, he did not have a paycheck stub to show Mr. Hammer as proof of employment. He also said he was paying his court costs.

On cross-examination, the Defendant testified that in May 2009, he gave Mr. Hammer the address where he resided during his second court date. He denied telling Mr. Hammer that he moved to Louisiana. He agreed that he obtained permission to travel to Louisiana for his second court date but that he did not have permission to travel to the funeral or to his first court date.

The Defendant agreed that the funeral service in Louisiana was for his cousin. He also agreed that he attended the funeral in Louisiana one month after his cousin died, despite already attending a funeral service for his cousin in Clarksville, Tennessee.

The trial court found by a preponderance of the evidence that the Defendant willfully violated the conditions of his probation "by going to Louisiana without the permission of his

probation officer. Whether it was for a funeral or court appearance he still went without permission." The trial court revoked the Defendant's probation and ordered the Defendant to serve the remainder of his eight-year sentence in confinement.

On appeal, the Defendant argues that the trial court erred in revoking his probation and ordering him to serve the remainder of his sentence in confinement because his violation was a "minor infraction" not warranting the revocation of his probation. The State argues that the trial court did not abuse its discretion. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (Supp. 2009). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

Here, the record contains sufficient proof that the Defendant violated the conditions of his probation. The Defendant was required to obtain the permission of his probation officer before leaving the state. The Defendant admitted that he failed to obtain permission to travel to Louisiana for the funeral or for his first court date. Additionally, the Defendant was required to report all arrests to his probation officer immediately, regardless of the outcome. The Defendant admits that he failed to do so and disclosed his arrest months after it occurred. Because the Defendant admitted to violating his probation, the only issue that remains is whether the trial court abused its discretion in revoking the Defendant's probation and ordering the remainder of his sentence to be served in confinement.

While the Defendant contends that his probation violations were minor, the record reflects that the Defendant violated the terms of his probation willfully and unnecessarily on more than one occasion. We note that the Defendant argued he was unable to obtain permission to leave the state for his cousin's funeral. His testimony revealed, though, that he did not seek permission until the day before the funeral, despite his cousin's dying one month earlier. The Defendant has offered little explanation for his failure to gain permission to leave the state for the funeral or his first court date, only stating that Mr. Hammer was not available when the Defendant traveled to the probation office. The Defendant's testimony established that he did not actively seek permission to leave the state and instead chose to violate the conditions of his probation. Similarly, the Defendant has offered little explanation for his failure to inform Mr. Hammer of his arrest. Because the record reflects

that the Defendant willfully violated his probation on more than one occasion, we find no abuse of discretion in the trial court's decision to revoke the Defendant's probation and order him to serve the remainder of his sentence in confinement.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE