IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 17, 2011

**STATE OF TENNESSEE v. RODERICK BALDWIN**

**Appeal from the Circuit Court for Montgomery County**
**Nos. 40900449, 40901199, 41000416     Michael R. Jones, Judge**

_____

**No. M2010-02595-CCA-R3-CD - Filed December 15, 2011**

_____

The Defendant, Roderick Baldwin, appeals the order of the Montgomery County Circuit Court revoking his community corrections sentence for his convictions for aggravated criminal trespass, a Class A misdemeanor, and two counts of aggravated assault, a Class C felony. On appeal, the Defendant contends that the trial court abused its discretion by revoking his community corrections sentence and ordering him to serve the remainder of his sentences in confinement. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the appellant, Roderick Baldwin.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 9, 2009, the Defendant pled guilty to aggravated assault in case number 40900449 and was sentenced as a Range I, standard offender to three years' probation. On December 9, 2009, the Defendant pled guilty to aggravated criminal trespass in case number 40901199 and to a probation violation in case number 40900449. The trial court sentenced the Defendant to eleven months, twenty-nine days' probation consecutive to his previous probation sentence for aggravated assault, which the trial court reinstated. On August 6, 2010, the Defendant pled guilty to aggravated assault in case number 41000416 and to

probation violations in case numbers 40900449 and 40901199. The trial court sentenced the Defendant to six years' community corrections for his conviction in case number 41000416. The trial court reinstated the Defendant's probation in case numbers 40900449 and 40901199 and transferred both to community corrections. This gave the Defendant an effective sentence of nine years, eleven months, and twenty-nine days. On August 18, 2010, a community corrections violation report was filed alleging that the Defendant had "abscond[ed]" from community corrections.

At the community corrections revocation hearing, the Defendant testified that the trial court sentenced him to community corrections on August 6, 2010, and that his father died on August 8, 2010. He said he did not report to community corrections because he was depressed due to his father's death and did not have money to get to the community corrections office. He said that the left side of his body was crippled after someone attacked him with a baseball bat and that he could not walk long distances. He said he could take the bus to report to his supervisor if the trial court allowed him to remain on community corrections.

On cross-examination, the Defendant testified that he telephoned his community corrections supervisor, Donald Wilkerson, on August 8, 2010, and told Mr. Wilkerson that his father was sick and that he would report to community corrections on August 11. The Defendant's father lived in Louisiana, and the Defendant did not learn that his father had died until August 10. The Defendant did not tell Mr. Wilkerson that his father had died. The only time the Defendant contacted Mr. Wilkerson was by telephone on August 8.

The trial court found that the Defendant's failure to report to community corrections violated the terms of his sentence. The trial court noted the Defendant "gets in trouble almost immediately upon being released from jail." The trial court found the Defendant was "not a candidate to be released into the community . . . with alternative sentencing." The trial court ordered the Defendant to serve the remainder of his sentences in the Tennessee Department of Correction.

The Defendant contends that the trial court abused its discretion by revoking his community corrections sentence and ordering him to serve the remainder of his sentences in confinement. The State contends that the trial court properly revoked the Defendant's community corrections sentence and ordered the Defendant to serve the remainder of his sentences in confinement. We agree with the State.

A trial court may revoke a suspended sentence upon its finding by a preponderance of the evidence that a defendant violated the conditions of release. T.C.A. § 40-35-311(e) (probation revocation) (2010); see T.C.A. § 40-36-106(e)(3)(B) (2010) (stating that community correction revocation proceedings shall be conducted pursuant to Tennessee

Code Annotated section 40-35-311). The proof of a community corrections violation "need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). A trial court, upon revoking a community corrections sentence, "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed . . . ." T.C.A. § 40-36-106(e)(4). We will not disturb the trial court's judgment on appeal absent an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing Harkins, 811 S.W.2d at 82).

It is undisputed that the Defendant failed to report for his community corrections sentence. The Defendant argues that his failure to report was a "technical violation" due to his depression after his father's death. The record shows, however, that the Defendant did not notify his supervisor about his father's death. The trial court noted that the Defendant had a history of noncompliance and was likely to get in trouble upon release. Given the Defendant's failure to report and history of noncompliance with probation, we conclude that the trial court did not abuse its discretion. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE