# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville April 23, 2013

## STATE OF TENNESSEE v. ANTOINE D. REDEEMER[1]

**Appeal from the Circuit Court for Montgomery County**
**No. 41000649     Michael R. Jones, Judge**

---

**No. M2012-01689-CCA-R3-CD - Filed December 23, 2013**

---

The Defendant, Antoine D. Redeemer, appeals the Montgomery County Circuit Court's order revoking his effective eight-year community corrections sentence for his aggravated burglary and robbery convictions. On appeal, the Defendant contends that the trial court abused its discretion by revoking his community corrections sentences and ordering him to serve his sentences in confinement. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and NORMA MCGEE OGLE, JJ., joined.

Gregory D. Smith (on appeal) and Lance Miller (at revocation hearing), Clarksville, Tennessee, for the appellant, Antoine D. Redeemer.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 12, 2010, the Defendant pleaded guilty to aggravated burglary and robbery and was sentenced as a Range II, multiple offender to an effective eight-year community corrections sentence. Although the community corrections violation warrant is not included in the record, a revocation hearing was held on May 18, 2012. At the hearing,

---

[1] We note that the technical record reflects that the Defendant signs his name as "Antione" and that the Indictment and Judgments reflect the Defendant's name as "Antoine." We use the spelling in the Indictment.

the Defendant admitted violating the conditions of his release by failing to report to his probation officer since July 25, 2011. The trial court found that the Defendant violated the conditions of his release.

Donald Wilkerson, the Defendant's probation officer, testified that the Defendant completed a required anger management course and reported regularly from November 2010 to July 2011. He said that the Defendant was arrested for domestic violence and that the Defendant informed him of the new charge promptly. He said the Defendant only had to continue reporting as required but failed to do so. He agreed the Defendant was confined for eighty-eight days before the domestic violence charge was dismissed. He said that he was willing to supervise the Defendant if the trial court returned the Defendant to community corrections.

On cross-examination, Mr. Wilkerson testified that reporting was the most important requirement of community corrections. He said that the Defendant was engaged, that he met the Defendant's fianceé, that she was pregnant, and that the Defendant claimed to be the father of his fianceé's child. He agreed that he told the Defendant multiple times to turn himself in to the police regarding the domestic violence charge but that the Defendant did not and stopped reporting as required. He said the Defendant was assigned to him on November 15, 2010.

The trial court found that at the time the Defendant pleaded guilty in this case, he had served 262 days in confinement. The court found that the Defendant "snubbed his nose" at his supervision requirements and failed to report to his community corrections officer for a long period of time. The court found that the community corrections violation warrant was filed on February 6, 2012, and that the Defendant last reported on July 25, 2011. The court ordered the Defendant to serve his eight-year sentence in the Tennessee Department of Correction. This appeal followed.

The Defendant contends that the trial court abused its discretion by revoking his community corrections sentence and ordering him to serve his sentence in confinement. The State contends that the trial court properly revoked the Defendant's community corrections sentence and ordered him to serve his sentence in confinement. We agree with the State.

A trial court may revoke a community corrections sentence upon its finding by a preponderance of the evidence that a defendant violated the conditions of release. T.C.A. § 40-35-311(e) (2010) (probation revocation); *see* T.C.A. § 40-36-106(e)(3)(B) (2010) (stating that community correction revocation proceedings shall be conducted pursuant to Tennessee Code Annotated section 40-35-311). A trial court, upon revoking a community corrections sentence, "may resentence the defendant to any appropriate sentencing

-2-

alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed . . . ." T.C.A. § 40-36-106(e)(4). We will not disturb the trial court's judgment on appeal absent an abuse of discretion. *See State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

It is undisputed that the Defendant failed to report to his community corrections officer. The Defendant received community corrections on November 15, 2010, and by July 25, 2011, he stopped reporting as required. The Defendant argues that the probation officer's favorable testimony supports returning him to community corrections. The record shows, though, that the Defendant willfully stopped reporting and failed to surrender to the police after being charged with domestic violence. Given the Defendant's failure to report, we conclude that the trial court did not abuse its discretion by ordering the Defendant's sentences into execution. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE