IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 12, 2008

**STATE OF TENNESSEE v. KEVIN B. THOMPSON**

**Appeal from the Circuit Court for Hardin County**
**No. 8470    C. Creed McGinley, Judge**

---

**No. W2008-00832-CCA-R3-CD  - Filed February 10, 2009**

---

The defendant, Kevin B. Thompson, appeals from the Hardin County Circuit Court's probation revocation for his two-year effective sentence for his guilty pleas to violation of a motor vehicle habitual offender order, a Class E felony, and violation of the registration law, a Class C misdemeanor.  He claims that the trial court erred in revoking his probation and ordering him to serve his sentence in incarceration.  We hold that the trial court did not abuse its discretion, and we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Guy T. Wilkinson, District Public Defender, and Richard W. DeBerry, Assistant District Public Defender, for the appellant, Kevin B. Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Hansel Jay McCadams, District Attorney General; and Eddie N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant was ordered to serve 120 days of his sentence in jail and the remaining one year and eight months on probation.  While he was on probation, his probation officer requested that the trial court issue a violation warrant.  Among the charges alleged were that the defendant had failed multiple drug screens, failed to follow the instructions of his probation officer to obtain drug treatment, made verbal threats to his probation officer, and violated the law as evidenced by a new conviction of possession of a Schedule IV controlled substance.

At the revocation hearing, Emily Ammons, the defendant's probation officer, testified that the defendant had tested positive for drugs on three occasions.  She said that two of these instances were before she filed the violation warrant and that the defendant tested positive for marijuana and

cocaine on both occasions. She said the defendant was convicted of simple possession during his probation. She said the defendant had also "[e]ngaged in intimidating behavior toward his probation officer." She said that she told the defendant to get some drug treatment and that although the defendant professed to be making efforts to obtain treatment, he never provided any documentation of his efforts. She said she wanted the defendant to go to inpatient treatment due to his use of multiple controlled substances.

The defendant testified that he went to outpatient treatment and that he thought he had provided Ms. Ammons with documentation. He was unable, however, to state the number of times he had attended outpatient treatment. He said that he had placed himself on a waiting list for the Jack Jean Shelter and that he had contacted Teen Challenge. He said he did not continue to pursue inpatient treatment because Ms. Ammons advised him that his probation was going to expire soon. He said that for this reason, he did not consider inpatient treatment at the time but that he was willing to do so if the court would extend his probation. He admitted that he had a problem with marijuana, which he called his "drug of choice," and he admitted that he had used both marijuana and cocaine during his probation. He acknowledged that he had a pending domestic violence charge in General Sessions Court but stated that it would be dismissed if he went to an anger management program. He said he intended to address his anger management issues.

The trial court found that the defendant had violated the terms of his probation through continued drug use. The court noted the defendant's positive drug screens and his new conviction for drug possession. The court observed that the defendant had not been interested in long-term drug treatment until he was "under the gun" and found that the defendant had made little effort to rehabilitate himself. Based upon these findings, the court ordered that the defendant's probation was revoked and that he was to serve his sentence in the Department of Correction.

The defendant argues in this appeal that the trial court should not have imposed service of the entire sentence upon finding that the defendant was in violation of his probation. Relative to when a trial court may revoke probation and to the standard of review in an appeal of such an action, in State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991), our supreme court stated:

> We take note that a trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of his probation or suspended sentence by a preponderance of the evidence. T.C.A. § 40-35-311. The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The proof of a probation

violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

Upon consideration, we hold that the trial court's determination that the defendant had violated the terms of probation was supported by substantial evidence and that the trial court did not abuse its discretion in revoking his probation and ordering him to serve his sentence in prison. By his own admission, the defendant violated the terms of his probation on multiple occasions. Moreover, the evidence supports the trial court's determination that the defendant's efforts at rehabilitation were unsatisfactory.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____

JOSEPH M. TIPTON, PRESIDING JUDGE