# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 23, 2010

## STATE OF TENNESSEE v. BRIAN DAVID BLACK

### Appeal from the Criminal Court for Hamilton County
### No. 247152    Rebecca J. Stern, Judge

### No. E2009-01622-CCA-R3-CD - Filed April 12, 2010

The Defendant, Brian David Black, appeals from the Hamilton County Criminal Court's order revoking his probation for theft of property over $500, a Class E felony, and ordering him to serve his three-year sentence in the Department of Correction. He argues that the trial court erred in ordering his sentence to be served, rather than imposing some less severe sanction. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Ardena J. Garth, District Public Defender; Richard Kenneth Mabee, Assistant Public Defender (on appeal); and Kandi Rankin, Assistant Public Defender (at trial), for the appellant, Brian David Black.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William H. Cox, III, District Attorney General; and William H. Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant began serving his probation sentence in this case on February 27, 2008, following completion of a sentence in another case. The violation warrant was issued on July 8, 2008, based upon allegations that the Defendant failed a drug screen, failed to maintain employment, failed to report to his probation officer, failed to pay fees, and failed to attend alcohol and drug counseling. A second violation report was filed on October 29, 2008, adding an allegation that the Defendant moved without notifying his probation officer of his new address.

The trial court conducted a revocation hearing at which Jennifer LaFerry, the Defendant's probation officer, testified that the Defendant tested positive for marijuana and cocaine on April 25, 2008. She said the Defendant was given referrals to drug and alcohol treatment, but he failed to attend the programs. Likewise, he failed to attend two appointments with a program that would have assisted him in finding employment. She said the Defendant failed to report to the probation office on several occasions and had not been seen there since April 25. She said that on October 24, 2008, she learned from a law enforcement officer that the Defendant had moved from his residence about a week earlier, meaning he had absconded from probation. She said that although the Defendant was supposed to take medication, she was unsure whether he was taking it at the time he began probation. She acknowledged that some of his behavior could have resulted from his not taking proper medication.

Brenda Black testified that she was the Defendant's mother. She said the Defendant had suffered from mental health issues all his life. She stated that the Defendant was currently taking his medication, although his prison psychiatrist had discontinued it when he was incarcerated. She said he also had not received his medication at times when he was in the county jail. She said the Defendant had a hard time remembering things. She said that if the Defendant were released on probation, she or another family member would help him attend his probation and mental health appointments. She acknowledged that she had been available to assist the Defendant in his previous attempts at probation and that the Defendant lived with his wife, not her.

The Defendant testified that he had been diagnosed as "Bipolar Phase II, manic" and that he took lithium and Elavil. He said that his doctor took him off medication when he was in prison and that he was not taking the medicine when he was reporting to Ms. LaFerry. He said that by the time of the July 6, 2009 hearing, he had been taking his medication for four or five months.

The Defendant testified that he did not understand he was supposed to report to probation after his parole ended. He said that he thought the paperwork he signed was for parole, not probation. He acknowledged that he was not current in paying his fees, but he said he was unemployed. He said he had applied for disability but then failed to follow through with the process. He said that if given another chance, he would report to his probation officer. He explained that he moved in October 2008 because his wife lost her job and they needed to live somewhere with less expensive rent.

The Defendant acknowledged his positive drug screens. He said he was not taking medication at the time of the drug screens. He said he had been working with doctors to find the right medication.

Ms. LaFerry testified in rebuttal that the Defendant's parole expired on February 27, 2008. She said he was informed that after that date, he was on probation, and he reported to the probation office in March and April. She identified the forms from the days he reported in March and April. She acknowledged that the forms were the same as the ones used for parole reporting.

After receiving the proof, the trial court made the following findings:

> I find that he has violated probation by failing drug screens on two occasions, failing to complete the first drug counseling program they assigned him to, failing to report to the second one that he requested, failing to report and complete Endeavors [job placement program] as ordered, failing several times to report to the probation officer and then finally absconding from probation.
>
> The petition to revoke is sustained. His sentence is ordered into execution. He will be given credit for any time served.

On appeal, the Defendant argues that the trial court erred in revoking probation and in ordering the sentence into execution. He also argues that the court failed to make a finding by preponderance of the evidence that the violations occurred. The State responds that the record supports by a preponderance of the evidence that the Defendant violated probation, given that he admitted several violations in his testimony, and that the trial court did not err in revoking probation. We agree with the State.

A trial court may revoke a suspended sentence upon its finding by a preponderance of the evidence that a violation of the conditions of release has occurred. T.C.A. § 40-35-311(e) (2006). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

In the present case, the Defendant acknowledged that he had committed numerous probation violations. He attempted to explain his behavior and asked the court for another opportunity. The presentence report in the technical record reflects that the Defendant had

numerous convictions and had been given several opportunities in non-incarcerative settings. He had previous probation and parole revocations. We conclude that the trial court did not abuse its discretion in revoking probation and ordering the Defendant to serve his sentence in the Department of Correction. Further, given the undisputed evidence of the violations, the trial court's failure to specify that its findings were made by a preponderance of the evidence is of no consequence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE