IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 6, 2012

## STATE OF TENNESSEE v. LEONARD MILLER

**Appeal from the Circuit Court for Madison County**
**No. 09-558    Roger A. Page, Judge**

_____

**No. W2011-01403-CCA-R3-CD  - Filed July 12, 2012**

_____

The Defendant, Leonard Miller, appeals the Madison County Circuit Court's order revoking his probation for aggravated burglary and theft of property valued at $1000 or more but less than $10,000 and ordering the remainder of his ten-year sentence into execution. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Paul E. Meyers, Jackson, Tennessee, for the appellant, Leonard Miller.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zenter, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pled guilty on May 25, 2010, to aggravated burglary and theft of property valued at $1000 or more but less than $10,000. He received a ten-year suspended sentence. On June 23, 2011, the Defendant's probation officer filed a probation violation report alleging that the Defendant committed the offense of theft of property valued under $500, that he failed to report his arrest, and that he failed to obey the laws of the State of the Tennessee.

At the revocation hearing, a copy of a Jackson City Court judgment was received as an exhibit, which showed that on May 19, 2011, the Defendant pled guilty to theft of

property valued under $500. The Defendant testified that he was sixty-two years old, lived alone, and received disability payments. He said that before his arrest, he went to Jackson General Hospital daily for his chemotherapy treatments and that he had heart problems.

Upon questioning by the trial court, the Defendant admitted that he was arrested for aggravated burglary and theft of property valued over $500, that he pled guilty to misdemeanor theft, and that he received a sentence of eleven months and twenty-nine days. He also admitted failing to report his arrest to his probation officer. The Defendant asked for the trial court's forgiveness and stated that he needed rehabilitation for his alcohol addiction. He said the new theft conviction resulted from his buying a computer for his girlfriend, which he did not know was stolen. On cross-examination, the Defendant testified that he had numerous prior felony convictions and that he was registered in the sexual offender database. Although he said he bought the computer, he agreed that he was on probation for aggravated burglary and theft when he pled guilty to misdemeanor theft.

The trial court reviewed the Defendant's criminal record and stated that "this ha[d] to be the last stop." The court found that a factual basis existed to revoke the Defendant's probation and ordered him to serve his sentence in the Tennessee Department of Correction.

On appeal, the Defendant contends that the trial court erred by revoking his probation and ordering him to serve the remainder of his sentence in confinement. He argues he was candid with the court about the conviction and apologized for his actions. The State contends that the trial court properly revoked the Defendant's probation and argues that substantial evidence existed to show the Defendant violated the terms of his probation. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

The record contains sufficient proof showing that the Defendant violated the conditions of his probation. The Defendant was required to report all arrests to his probation

officer immediately, regardless of the outcome. The Defendant admitted that he did not report his arrest to his probation officer. This alone constituted sufficient proof to support the court's finding that the Defendant violated his probation. Additionally, the Defendant admitted that he pled guilty to theft. The record reflects that the Defendant violated his probation and that the trial court exercised proper discretion in revoking his probation and ordering him to serve the remainder of his sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE