IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 14, 2012

## STATE OF TENNESSEE v. VICTOR BYNDUM

**Appeal from the Circuit Court for Madison County**
**No. 10-676    Roy B. Morgan, Jr., Judge**

---

**No. W2011-01036-CCA-R3-CD  - Filed July 31, 2012**

---

The Defendant, Victor Byndum, appeals the Madison County Circuit Court's order revoking his community corrections sentence for two violations of the Sexual Offender Registration and Monitoring Act and ordering him to serve his six-year sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

George Morton Googe, District Public Defender; Susan D. Korsnes, Assistant District Public Defender, Jackson, Tennessee, for the appellant, Victor Byndum.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant pled guilty to a sexual offender registration form violation and a sexual offender residency requirement violation on January 27, 2011. He received an effective six-year sentence with ninety days' confinement and the remainder on community corrections.

On April 13, 2011, the Defendant's community corrections officer obtained a violation of

community corrections warrant, which alleged that the Defendant failed to obey the laws of the State of Tennessee by committing the offense of rape.

At the revocation hearing, April Rushing testified that she managed a local bar called The Big Easy and that the Defendant worked for her while the bar was being remodeled. She said that she knew the victim, who also worked at The Big Easy. She said that the Defendant and the victim worked the same shift periodically during the remodeling.

Ms. Rushing testified that after the victim's shift on March 9, 2011, the victim stayed at the bar as a patron and began drinking. She said that she saw the victim drink two beers and one shot of whiskey and that he was in no condition to drive. She said the Defendant was sitting nearby and volunteered to drive the victim home. She said two employees helped carry the victim out of the bar. On cross-examination, Ms. Rushing testified that the victim was extremely drunk, that he ran a bar tab, and that he purchased drinks for other people at the bar. She said the victim could not speak or "lift his head."

Jason Shultz testified that he had known the Defendant for about three years and that he met the victim while working on the remodeling at The Big Easy. He recalled the night that the victim was at the bar as a patron and said he was tired because he had worked sixteen to seventeen hours that day. He said that the victim had "a few" drinks, began to have

trouble holding his head upright, and had slurred speech. He said that he saw the victim have two or three drinks but could not recall the exact number. He said that he talked to Ms. Rushing and that they agreed the victim needed to go home. He said that he and Ms. Rushing asked the Defendant to take the victim home and that the Defendant agreed. He said that at that point, the victim had difficulty holding himself upright and hit his head on the bar repeatedly.

Mr. Shultz testified that he and the Defendant grabbed the victim on each side and carried the victim to the Defendant's car, told him not to move, and closed the car door. He said the victim could not have opened the car door if he had tried.

The victim testified that he met the Defendant while working at The Big Easy. He said that on March 9, 2011, he was at the bar drinking. Although he did not recall how many drinks he had, he remembered having two drinks. He recalled seeing the Defendant at the bar but said he only had a few "sketchy memories" of the night, including having oral sex performed on him. He said that when he woke the next morning, he felt "foggy" and realized he was in the Defendant's bed. He said that although he was wearing his clothes, his pants were unzipped and belt buckle undone. He said the Defendant was lying beside him. He stated that he was not capable of giving the Defendant consent to perform oral sex on him.

He said that after the Defendant woke, the Defendant drove him home. He said he believed he had been sexually assaulted and had a drug test performed.

On cross-examination, the victim testified that an analysis of his urine was negative for drugs and that he did not have his blood analyzed. He said DNA samples and saliva swabs were not taken. He said that although he remembered having oral sex performed on him, he did not remember the Defendant doing it. He did not recall how long he had been at the Defendant's home and said nobody else was in the Defendant's home. Upon this evidence, the trial court revoked the Defendant's community corrections sentence and ordered him to serve his original sentence.

On appeal, the Defendant contends that the trial court abused its discretion by finding that he violated the conditions of his release, by revoking his community corrections sentence, and by ordering him to serve his original sentence. He argues that no substantial evidence showed he engaged in a criminal act. The State contends that the trial court properly revoked the Defendant's community corrections release and properly ordered him to serve his original sentence. We agree with the State.

A trial court may revoke a suspended sentence upon its finding by a preponderance of the evidence that a defendant violated the conditions of release. T.C.A. § 40-35-311(e)

(probation revocation) (2010); see T.C.A. § 40-36-106(e)(3)(B) (2010) (stating that community correction revocation proceedings shall be conducted pursuant to Tennessee Code Annotated section 40-35-311). In this regard, upon finding by a preponderance of the evidence that a defendant has violated the terms of the community corrections sentence, a trial court may exercise its discretion to revoke the community corrections sentence. See T.C.A. § 40-35-311(e) (2010). If a trial court revokes a defendant's community corrections sentence, it can "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). We will not disturb the trial court's judgment on appeal absent an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001). The credibility of witnesses is to be determined by the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991).

The record contains sufficient proof showing that the Defendant violated the conditions of his community corrections release. The record reflects that after two to three drinks, the victim was incapable of holding his head upright, had slurred speech, hit his head

on the bar repeatedly, and had to be carried out of the bar to the Defendant's car. The Defendant agreed to drive the victim home. The victim had a spotty memory of the evening but recalled someone performing oral sex on him without his consent. The victim awoke the next morning in the Defendant's bed with his pants unzipped and belt undone. The Defendant was lying next to the victim. The victim believed he had been sexually assaulted. The trial court did not abuse its discretion in revoking the Defendant's community corrections sentence and ordering him to serve his sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE