IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2012

**STATE OF TENNESSEE v. PAMELA J. BOOKER**

**Appeal from the Criminal Court for Sullivan County**
**No. S43450, S43929, S43930    Robert H. Montgomery, Jr., Judge**

_____

**No. E2012-00809-CCA-R3-CD - Filed December 19, 2012**

_____

The Defendant, Pamela J. Booker, appeals the Sullivan County Criminal Court's order revoking her probation for her three convictions for violating a habitual traffic offender order and ordering her to serve her effective fifteen-year sentence. On appeal, she contends that the court erred in ordering her to serve the sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Stephen M. Wallace, District Public Defender; and William Andrew Kennedy, Assistant Public Defender, for the appellant, Pamela J. Booker.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Emily Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 24, 2001, the Defendant pleaded guilty to three counts of violating a habitual traffic offender order. The July 10, 2001 judgments reflect that the Defendant, a Range III offender, received a five-year sentence on probation for each offense, five years of which was intensive probation, to be served consecutively to each other and to a ten-year sentence in confinement for other convictions. The November 15, 2011 revocation warrant alleged that the Defendant violated her probation by failing to report to her probation officer from October 2008 to March 2009 and that she tested positive for cocaine on August 29, 2008.

The Defendant admitted that she violated her probation but sought dispensation to enroll in a drug rehabilitation program rather than serving her sentence in the Department of Correction. She testified that she wanted to enroll in the Hannah House in Abingdon, Virginia, where she would stay for at least six months. She agreed that the program was a halfway house and would assist her in finding a job. She agreed that the Hannah House told her attorney space was available and that she had someone who would help pay her fees for the program. She said that if she could not go to the Hannah House, she would like to go to the Hay House. She agreed that she wanted to straighten out her life.

The Defendant testified that her convictions in the cases subject to revocation were part of a twenty-five-year plea agreement disposing of five counts of violating a habitual traffic offender order. She said she served part of the ten years' incarceration in the Department of Correction, was released on parole, violated parole, and served the remainder of the sentence. She said that she had six months remaining and that she served six months but that she had not yet received paperwork certifying that she had completed the sentence. She said, "They're in the process of fixing it." She agreed that she had a fifteen-year sentence remaining.

On cross-examination, the Defendant testified that she had never participated in a residential drug rehabilitation program and had never been to the Hay House. She agreed she had a pending felony drug charge that involved an offense within a school zone. She acknowledged that she admitted at her parole hearing that she failed a drug test. She said cocaine was the only drug with which she had an issue.

The trial court questioned the Defendant from a document prepared by the Defendant's probation officer that does not appear in the record. The Defendant acknowledged that she was released from prison on December 12, 2005, tested positive for cocaine on August 29, 2008, and stopped reporting after the drug test. She agreed that she had a previous parole revocation on April 11, 1991, for a positive drug test. She "guessed" but could not remember if her parole was revoked for technical violations on July 23, 1993, and September 12, 1996. She "guessed" that her probation was revoked on December 17, 2002, for receiving new charges and absconding. She said she was unsure of the dates. She acknowledged the present case was not her first violation but said it would be her last.

The trial court noted the Defendant's "long history of either violations of probation or violations of parole." The court stated:

> I don't see any benefit to placing her back on probation. I really
> don't see any benefit to giving her split confinement. I mean, in

my opinion, based upon her very, very poor history of violating terms and conditions of probation and/or parole, that there's really no reason to place her back on [probation].

The court ordered the Defendant to serve her sentences in the Department of Correction. This appeal followed.

The Defendant contends that the trial court abused its discretion by revoking her probation and ordering her to serve her sentences. The State counters that the trial court properly revoked the Defendant's probation and ordered her to serve the sentences. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001).

The revocation warrant alleged that the Defendant failed to report to her probation officer for six months and had a positive drug test. The Defendant told the judge that she stopped reporting after her positive drug screen. The record reflects, however, that the Defendant admitted her positive drug test and stated that she had a problem with cocaine. Her admission of drug use and the positive drug test provided sufficient proof to establish by a preponderance of the evidence that she violated a term of probation.

Regarding the trial court's decision to order the Defendant to serve her sentences, we note that the evidence showed that the Defendant, a Range III offender, had been afforded previous probation sentences and had been paroled from incarcerative sentences, but she had several previous violations and revocations. Although she testified that she would like to participate in a drug rehabilitation program, her prior history of violations does not support

a further reprieve from incarceration. The trial court did not abuse its discretion in ordering her to serve her sentences.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE