IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 9, 2012

## STATE OF TENNESSEE v. FRANCES KAYLANICOLE GRECH

**Appeal from the Criminal Court for Sumner County**
**No. 693-2010 & 93-2011   Dee David Gay, Judge**

---

**No.  M2012-00896-CCA-R3-CD - Filed March 8, 2013**

---

Appellant, Frances Kaylanicole Grech, pled guilty to one count of facilitation of aggravated robbery and one count of robbery.  As a result of these convictions she was sentenced to ten years and ordered to serve 180 days with the remainder to be served on probation.  Appellant was charged with assault while in jail and felony escape shortly after her release.  A probation violation warrant was filed based on the two charges. She subsequently pled guilty to assault and an amended charge of resisting arrest.  The trial court held a probation revocation hearing and at the conclusion determined that she had violated the rules of her probation and imposed her original sentence.  On appeal, she argues that the trial court did not use conscientious judgment.  We conclude that Appellant clearly violated the rules of her probation and we find no abuse of discretion.  Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

David A. Doyle, District Public Defender, Gallatin, Tennessee, for the appellant, Frances Kaylanicole Grech.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Lawrence T. Whitley, District Attorney General; and Tara Wyllie, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

The State recited the following facts at the Appellant's probation revocation hearing:

[Appellant] pled guilty on June 30, 2011, to Facilitation of Aggravated Robbery on case number 693-2010. She received a sentence of five years at 30 percent that was going to be on State Probation after she served 180 days from June 30, 2011.

She also pled guilty on case number 93-2011 to Robbery. It was a five-year sentence at 30 percent on State Probation. That was going to be consecutive. So her total effective sentence was going to be a ten-year sentence with 180 days to serve in addition to any time that she had already served on June 30th, the day of the plea.

On November 10, 2011, a probation violation warrant was filed on the basis that Appellant was charged with an assault. An amended warrant was filed December 8, 2011, for a felony escape charge. On March 19, 2012, the trial court held a hearing on the probation revocation warrant.

Melanie Sharafi, an officer with the Board of Probation and Parole, testified that Appellant called her and told Ms. Sharafi that she had received an assault charge while in jail before she was released on probation. Ms. Sharafi set up an appointment for Appellant to meet with her on November 23, 2011. Appellant also had a court date on that same day. On November 23, 2011, Appellant was arrested in court for an assault on an officer in jail and taken into custody for her probation violation on the assault charge. Appellant also received a felony escape charge on November 23, 2011, because Appellant escaped from the Warrants Office.

Ms. Sharafi testified that Appellant pled guilty to assault and received 180 days to serve and later pled guilty to an amended charge of resisting arrest for which she received 180 days. Appellant did not receive probation on either sentence.

Appellant also testified at the hearing. She explained the situations that led to the assault charge and the resisting arrest charge. She testified that she was diagnosed with bipolar disorder when she was sixteen years old. She took medicine until she was seventeen or eighteen. She stopped taking the medication because she became pregnant. After her pregnancy, she self-medicated with street drugs. When Appellant was a child, she lived with

her maternal grandmother, who was addicted to crack cocaine. In addition, she was also sexually abused as a child. Appellant also stated that she was sorry for her actions and said if given probation she would do her "best to not let anybody down."

At the conclusion of the hearing, the trial court determined that Appellant had violated her probation and ordered that the entire sentence be imposed.

## ANALYSIS

On appeal, Appellant argues "[t]he trial court failed to exercise conscientious and intelligent judgment in finding by a preponderance of the evidence that the appellant violated the terms and conditions of probation" and "that her own words should have been viewed by the Court as evidence that the appellant is a good risk for release into the community." The testimony she is referring to is the following:

That I'm sorry for my actions. That if I was able to get another chance because I was already given a chance to do what it would to try to obtain probation, if I was able to that I would try to do my best to not let anybody down. To be the person that I can conquer to be and achieve to me. That I hurt people, hurt people and I know that sounds messed up, but it's true in so many ways. Then I'm hurting inside, mentally, physically. I haven't got over my past, and I know it's not an excuse for tomorrow and for today because it's happened too long but I'm hurting. It's time for me to grow up and mature.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. T.C.A. §§ 40-35-310 & -311. After finding a violation of probation and determining that probation should be revoked, a trial judge can: (1) order the defendant to serve the sentence in incarceration; (2) cause execution of the judgment as it was originally entered, or, in other words, begin the probationary sentence anew; or (3) extend the probationary period for up to two years. *See* T.C.A. §§ 40-35-308(c) & -311(e); *State v. Hunter*, 1 S.W.3d 643, 647-48 (Tenn. 1999). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a de novo standard. *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion "there must

be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

The evidence at the revocation hearing need only show that the trial court exercised a conscientious and intelligent judgment in making its decision. *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

Regardless of Appellant's statement at the hearing about her remorse for her behavior, she did admit to committing both the assault and resisting arrest charges that resulted in convictions. Furthermore, she pled guilty to these charges. The trial court was very bothered by the fact that Appellant had not even served her full 180 days before she committed the assault. Also, the trial court was concerned that she escaped from the warrant office when she was at court on her assault charge. The trial court was rightly concerned that Appellant would be able to follow the rules of her probation if it was not revoked. Clearly, these convictions support the trial court's conclusion that she violated the rules of her probation.

We conclude that there was no abuse of discretion by the trial court in the revocation of Appellant's probation.

## **CONCLUSION**

For the reasons stated above, we affirm the revocation of Appellant's probation and the imposition of her sentence.

_____
JERRY L. SMITH, JUDGE