IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2012

## STATE OF TENNESSEE v. BRANDON LEE LAFERTY

**Appeal from the Criminal Court for Sullivan County**
**No. S55643    Robert H. Montgomery, Jr., Judge**

**No. E2012-01210-CCA-R3-CD - Filed March 13, 2013**

The Defendant, Brandon Lee Laferty, appeals the Sullivan County Criminal Court's revoking his probation for solicitation of aggravated sexual battery, a Class D felony, and ordering his ten-year sentence into execution. On appeal, the Defendant contends that the trial court erred in revoking his probation and ordering him to serve his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Stephen M. Wallace, District Public Defender; and Steven D. Bagby, Assistant Public Defender, for the appellant, Brandon Lee Laferty.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Senior Counsel; Barry Staubus, District Attorney General; and William B. Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 7, 2011, the Defendant pleaded guilty to solicitation of aggravated sexual battery. Pursuant to a plea agreement, he was sentenced as a Range II, multiple offender to ten years on supervised probation. On October 7, 2011, a probation violation warrant affidavit was signed by Janet Burgess, a probation officer, alleging that the Defendant violated rule six of the conditions by removing his GPS tracking device and by failing to report for a scheduled polygraph. The warrant was filed on November 1, 2011.

According to the affidavit, Probation Officer Heath Eanes instructed the Defendant not to remove his GPS device. On October 7, 2011, Officer Eanes was notified by Veritracks of a master strap tamper on the Defendant's GPS. The Defendant could not be located at the last known location shown by the GPS. The Defendant also failed to report to Counseling and Consultation Services for a polygraph on October 7 at 2:30 p.m. as instructed by Officer Eanes.

At the revocation hearing , the Defendant testified that his affidavit of indigency was accurate. He said that he was extradited from Illinois and that he had not acquired new charges but absconded there from Tennessee. He said that he saved $600 from his paychecks in Illinois but that his uncle spent the money. Upon the Defendant's testimony, the trial court appointed the public defender's office to represent him.

Defense counsel spoke with the Defendant the morning he was appointed and informed the trial court that the Defendant told him that the GPS came loose from the Defendant's leg in a work-related incident but that he did not know if it was intentional or accidental. He also said that the Defendant did not have the money to pay for the polygraph examination and was told not to report if he could not pay. He said these statements were partial admissions and partial denials. The court asked counsel if he wanted to hold an evidentiary hearing or if the Defendant wanted to plead guilty to the violations. Counsel responded that a no contest plea would be the most appropriate course because of the Defendant's statements. The court told the Defendant that it would hear what he wanted to say but that if he pleaded no contest, the court would likely order him to serve his sentence because of his statements under oath.

The Defendant waived his right to a hearing and entered a no contest plea. Counsel stipulated to the facts in the affidavit. The trial court found that the Defendant violated the terms and conditions of his probation. The court held the disposition immediately, and counsel said that would be "fine." The court asked if counsel would present any witnesses, and counsel responded that he would typically call the Defendant but that because of the Defendant's possible more serious violation regarding the sexual offender registry, he did not want the Defendant to testify in more detail. Counsel said he had not spoken to the State's witnesses, and the court gave him time in court to do so. After speaking with the witnesses, counsel decided not to present evidence, and the State also presented no evidence.

The trial court revoked the Defendant's probation and ordered his sentence into execution. The court found that the Defendant entered a no contest plea to violations of removing his GPS and failing to take a scheduled polygraph. The court found that during the Defendant's testimony about his affidavit of indigency, he said that he absconded to Illinois and worked there. The court stated that it knew the Defendant was shot and that he

left the state again after he was served with the violation warrant while he was at the hospital. The court found that it would be inappropriate to return the Defendant to supervised probation and ordered him to serve his ten-year sentence.

## I

The Defendant contends that the trial court erred in revoking his probation. He argues that the violations alleged were not violations of law and that no evidence was presented at the hearing showing he was given notice that his conduct was prohibited. He argues the court denied him sufficient time to consult with his attorney and prepare for the adjudication and disposition of his probation violations. He also argues that the court improperly considered facts and information outside the record of the violation hearing. The State responds that the trial court did not err in revoking the Defendant's probation and ordering him to serve his sentence. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2010); see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

Regarding the Defendant's argument that he did not violate the law and that no evidence was presented showing his conduct was prohibited, we conclude that the record contains substantial evidence that the Defendant violated his probation conditions. The evidence shows the Defendant signed a probation supervision order and an amended order that listed the conditions of his probation, including a rule requiring that he follow the instructions of his probation officer. The Defendant conceded violating his probation at the revocation hearing. The affidavit underlying the probation violation warrant states that Officer Eanes instructed the Defendant not to remove the GPS and that Officer Eanes was informed of a master strap tamper on the Defendant's GPS. When Officer Eanes went to the last location shown by the GPS, the Defendant was not there. The affidavit also states that the Defendant failed to report to a scheduled polygraph examination as instructed by Officer Eanes. The Defendant admitted not following the instructions of his probation officer when he stipulated to the facts in the affidavit and pleaded no contest at the hearing. This evidence supports the trial court's finding that the Defendant violated his probation, and upon

revocation, the court was within its discretion to order the Defendant's sentence into execution. See T.C.A. § 40-35-310(a) (2010).

Regarding the Defendant's argument that the trial court denied him time to consult with counsel and prepare for his revocation hearing, the record reflects that the Defendant was able to speak with counsel and that he gave counsel information about the violations before his hearing. When the court asked counsel if the Defendant wanted to have a hearing or enter a plea, counsel told the court that a no contest plea was the more appropriate course because of the Defendant's statements. The Defendant states in his appellate brief that counsel requested to continue the hearing, but the record reflects that counsel said, "I suppose we can have a dispositional hearing on it either later this morning or this afternoon." When the court announced that it would have the dispositional hearing immediately, counsel said, "That will be fine, Your Honor." Further, when counsel said he had not spoken with the State's witnesses, the court gave him time to speak with the witnesses. Counsel consulted with the witnesses, presented no witnesses of his own, and did not object to the hearing. Nothing in the record indicates that the Defendant objected to the hearing. The Defendant consulted with counsel before his hearing and admitted his violations.

Regarding the Defendant's argument that the trial court improperly considered facts outside of the revocation hearing, the record reflects that the court heard the Defendant's statements under oath during the hearing on his affidavit of indigency and read the facts of the affidavit describing the violations of probation to which the Defendant stipulated. A trial judge may enter judgment as the judge deems proper "under the evidence adduced before the trial judge." T.C.A.§ 40-35-311(d) (2010).

The Defendant argues that the court improperly relied on the Defendant's favorable plea agreement when revoking his probation. The court noted that the Defendant was granted "a lot of consideration" by the State or that there were evidentiary issues when he received probation rather than the lengthy sentence he could have received if convicted of the crime with which he was charged. The Defendant's indictment, request for acceptance of guilty plea and waiver of rights, order accepting the guilty plea, and judgments were before the court at the revocation hearing. The court saw that the Defendant was originally charged with rape of a child, a Class A felony, and pleaded guilty to solicitation of aggravated sexual battery, a Class D felony. See T.C.A. §§ 39-12-102; 39-13-504; 39-13-522 (2010). We conclude that the evidence was before the court.

The Defendant argues that the trial court improperly considered that the Defendant was served at the hospital and that he had been shot. The court asked during the hearing on his affidavit of indigency if the Defendant had been shot, and the Defendant said he was shot in Hawkins County. The warrant that was before the court notes that the Defendant was

served at "HVMC." We conclude that the evidence was before the court. Although the evidence was before the court, nothing in the record indicates the court relied on these facts to find the Defendant violated his probation. The court's written order states the Defendant violated the conditions of his probation by removing his GPS, and the court's oral findings relied on the Defendant's removing his GPS and absconding to another state.

The Defendant also argues that the trial court improperly considered his testimony about absconding to Illinois during the indigency hearing. The court heard the Defendant state under oath that he was extradited from Illinois and that he received paychecks from a job in Illinois. Although a defendant is entitled to notice of alleged violations of probation, the court found the Defendant violated his probation primarily by removing his GPS, not for absconding to Illinois. See Practy v. State, 525 S.W.2d 677, 680 (Tenn. Crim. App. 1974). We conclude, though, that the evidence of the Defendant's absconding was before the court and that the court did not err by using the evidence to support its revoking the Defendant's probation once the violation was found.

In any event, the trial court concluded in its written order that the Defendant violated the terms of his probation because he removed his GPS device. The Defendant admitted removing his GPS and failing to attend a scheduled polygraph. The court did not abuse its discretion in finding the Defendant violated the terms of his probation and revoking his probation.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE