IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs in Knoxville November 28, 2017

## STATE OF TENNESSEE v. BARBARA PINNIX

**Appeal from the Circuit Court for Marion County**
**No. 9823HV.4      Thomas W. Graham, Judge**

_____

#### No. M2017-00822-CCA-R3-CD

_____

The Defendant, Barbara Pinnix, pleaded guilty to attempted conspiracy to manufacture methamphetamine, and the trial court imposed an eight-year sentence, with the Defendant to serve twenty-seven days followed by the remainder of her sentence on probation. The Defendant's probation officer filed an affidavit for a probation violation warrant, alleging that the Defendant had brought contraband into jail. The Defendant pleaded guilty to the revocation but later filed a motion to set aside the revocation order, claiming that her decision was hastily made. The trial court denied the motion, and the Defendant appeals. On appeal, she contends that the trial court erred when it denied her motion to withdraw her admission to a probation violation and that it should have reviewed her motion pursuant to Tennessee Rule of Criminal Procedure 32(f). After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and J. Ross Dyer, J. joined.

Paul D. Cross, Monteagle, Tennessee, for the appellant, Barbara Pinnix.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; James Michael Taylor, District Attorney General; and Sherry Durham Shelton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

#### A. Guilty Plea Hearing

This case arises from the Defendant's plea of guilty to attempted conspiracy to

manufacture methamphetamine, after which the trial court sentenced her to eight years, twenty-seven days of which were to be served in incarceration and the remainder to be served on probation. The trial court entered the judgment of conviction on December 9, 2014.

On February 2, 2017, the trial court found that the Defendant had violated the terms and conditions of the drug court program by not complying with the drug court requirements and by not successfully completing the program by being terminated from it on January 30, 2017 for bringing contraband into the jail.

On March 20, 2017, the Defendant pleaded guilty to full revocation of her probation and agreed to serve the remainder of her original sentence. At the hearing on the probation revocation, the trial court informed the Defendant that she had an absolute right to a separate hearing before a judge to determine whether she violated the terms of her probation. The Defendant stated that she wanted to waive her right to a hearing and proceed in agreement with the State.

The State informed the trial court that the Defendant had originally pleaded guilty in December 2014 and that she had violated her probation on several occasions. She, however, did not complete the punishment for her third violation, which included serving jail time with the drug court program, resulting in her fourth violation. The trial court noted that the Defendant had served between a year and a half and two years of her sentence. The trial court informed the Defendant "it's very unfortunate that you . . . have gone all the way from a probation to flattening your eight year sentence, but with the difficulties you've had with the probation I guess it makes some sense." The trial court asked the Defendant "Is that what you want to do basically is just flatten your sentence?" The Defendant responded, "Yes, sir."

The trial court asked the Defendant's attorney whether he had discussed with the Defendant his estimation for the Defendant's likely release date. The trial court informed the Defendant that she would be eligible for release after service of thirty percent of her sentence but that due to her past violations she may not be released at that time. The Defendant admitted to the trial court that she was caught bringing tobacco into the jail but pointed out that she had passed her drug test. The trial court asked the Defendant if this was a high price to pay for tobacco being concealed within her person, and the Defendant said "yes." The Defendant informed the trial court that her rights to two of her children had been terminated and that her two other children were being raised by their respective fathers. The trial court asked the Defendant's attorney if he believed that this was in his client's best interest, and he said that he did not think that there was any alternative.

On April 10, 2017, the Defendant filed a motion to set aside her revocation, stating

that her decision to plead guilty was "hastily made, without sufficient reflection and judgment, and with an "unsure heart."

On April 18, 2017, the trial court held a hearing on the motion. At the hearing, the Defendant's attorney testified that he did not review the case with the Defendant as he should have before she entered her guilty plea. He reminded the trial court that the Defendant was dismissed from drug court for bringing tobacco into the jail.

The State responded that this was the Defendant's fourth violation. It noted that the Defendant's first violation in March 2015 was for failing a drug screen, and she received ninety days of incarceration and the trial court encouraged her to enroll in an impatient drug treatment program. The second violation was in November 2015 and based upon another failed drug screen. The trial court again encouraged the Defendant to seek rehabilitation. The third violation, in January 2017, was based on a failed drug screen. She received 133 days in jail plus an additional thirty days in the Franklin County Jail with the Drug Court Program. Officers then found that the Defendant had "secreted within her person" tobacco, so she was terminated from the Drug Court Program.

The trial court confirmed with the parties that the facts were not in dispute but that the Defendant sought to have a different punishment for her violation. The trial court then found:

> I could give you a hearing right now and based on all the past handlings of probation violations and so forth, this is one of those cases where the only thing left is just serve your time. You've shown that you are not mature enough to follow rules. You've got to follow some rules if you're going to get probation, so . . . she . . . didn't really lo[]se anything. She was in a fix that she had created over the course of a couple of years which was going to guarantee she was going to get fully revoked.

At the conclusion of the hearing, the trial court denied the Defendant's motion. The judgment shows that the Defendant was granted jail credit for her three previous violations. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends that the trial court erred when it denied her motion to set aside her plea to the probation violation. The Defendant asserts that her decision was unwise because she could have done no worse at a hearing, and her underlying infraction was only possession of tobacco. She asserts that her sentence is

3

"harsh." The State counters that the rule governing the withdrawal of a guilty plea, Tennessee Rule of Criminal Procedure 32(f), does not apply here and that the Defendant's motion simply sought a second opportunity to challenge her probation violation after she entered her plea. The State asserts that, nevertheless, the trial court complied with the rule regarding revocation hearings and exercised proper discretion in denying the Defendant's motion.

The Defendant would have us review her "plea" to the probation violation pursuant to Tennessee Rule of Criminal Procedure 32(f). Tennessee Rule of Criminal Procedure 32(f) provides a pre-sentencing and a post-sentencing standard for evaluating motions to withdraw guilty pleas.

> A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

The standard of proof required of the State to support a probation violation is wholly different than one necessary to support a conviction. The State is only required to prove by a preponderance of the evidence that the Defendant violated the terms of her probation. A trial judge may revoke a sentence of probation or a suspended sentence upon a finding that the defendant has violated the conditions of her probation or suspended sentence by a preponderance of the evidence. T.C.A. § 40-35-311. The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

Conversely, the standard of review for a conviction of a criminal offense requires the State to prove the relevant statutory elements beyond a reasonable doubt. *See State v. Stephens*, 521 S.W.3d 718, 723-24 (Tenn. 2017) (citing *State v. Smith*, 436 S.W.3d 751, 761-65 (Tenn. 2014)). Further, our review of a plea of guilty to an offense contemplates that a defendant must show that he or she did not knowingly and voluntarily enter his or her plea. Tenn. R. App. P. 3(b); Tenn. R. Crim. P. 37(b); *State v. Watson*, 31 S.W.3d

189, 194 (Tenn. 2000). A motion to withdraw his or her guilty plea is, as stated above, governed by Rule 32(f).

In *State v. Crowe*, 168 S.W.3d 731, 41-42 (Tenn. 2005), our supreme court held that Rule 32(f) applied to a plea of *nolo contendre*. Such a plea, however, serves as a guilty plea and is followed by a sentencing. Differently, at the conclusion of a finding of a probation violation, the trial court does not impose a new sentence but, rather determines the manner of service of an existing sentence, including whether the sentence should be served in confinement or whether to extend the existing probation. Accordingly, we conclude that Rule 32(f) does not govern or allow for a motion to withdraw an admission to a violation of a defendant's probation. The Defendant is not entitled to relief on this issue.

As further support for our affirming the trial court's judgment, we recognize, as did the trial court, that this was the Defendant's fourth violation of her probation. She had repeatedly failed to meet the terms of her probation, was incarcerated for varying periods of time, and then failed to follow the rules of drug court by secreting tobacco "within" her person. She admitted to violating the terms of her probation on this fourth occasion, and the trial court at that time repeatedly ensured that she understood the ramifications of her admission before accepting her admission. The trial court questioned the Defendant about whether she wanted to "flatten" her sentence by serving it in incarceration, and the Defendant stated that that was her desire. Accordingly, were there to be any error in not allowing the motion to withdraw the admission, it would be harmless in light of the Defendant's previous violations and the failure to comply with the terms of drug court.

### III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

5